UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSHUA L. SCRUGGS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-576-SPM |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Joshua Scruggs' ("Petitioner's") Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 15). For the following reasons, the petition for a writ of habeas corpus will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Following a bench trial, Petitioner was found guilty of thirteen different sexual offenses involving two children, J.C. and E.B.: two counts of sexual misconduct involving a child (for exposing his genitals to E.B. and J.C.), one count of statutory rape in the first degree (for sexual intercourse with J.C), eight counts of statutory sodomy in the first degree (for six acts of deviate sexual intercourse with J.C., and two acts of deviate sexual intercourse with E.B.), one count of child molestation in the first degree (for sexual contact with J.C. by placing his penis on her vagina), and one count of furnishing pornography to minors (J.C.). Resp't Ex. A, Doc. 17-1, at

1

473-75; Resp't Ex. E, Doc. 16-3, at 2.[1] The court sentenced Petitioner to four years on each of the sexual misconduct convictions, twenty-five years on the statutory rape conviction, twenty-five years on each of the eight statutory sodomy convictions, fifteen years on the child molestation charge, and one year on the furnishing pornography conviction, with all of the sentences to run concurrently. Resp't Ex. A, at 483-85. In his direct appeal, Petitioner raised a single claim: that the trial court erred in overruling his motion for judgment of acquittal as to the conviction of statutory rape in the first degree. Resp't Ex. B, Doc. 16-1, at 11. The Missouri Court of Appeals denied the claim on its merits. Resp't Ex. E. On June 24, 2013, Petitioner filed a *pro se* Rule 29.15 motion for post-conviction relief. Resp't Ex. F, Doc. 17-3, at 3-26. In his amended motion for post-conviction relief, filed through counsel, Petitioner raised two claims of ineffective assistance of counsel. *Id.* at 33-49. The motion court denied the claims on the merits. *Id.* at 53-61. On appeal, Petitioner raised a single claim: that his appellate counsel was ineffective for failing to assert on direct appeal that the trial court erred in admitting E.B.'s out-of-court statements to her counselor on the grounds that the statements did not provide sufficient indicia of reliability. Resp't Ex. G, Doc. 16-4, at 12. The Missouri Court of Appeals affirmed the motion court's denial of this claim. Resp't Ex. I, Doc. 16-6.

On April 3, 2015, Petitioner filed his filed his *pro se* petition in the instant action. Petitioner raises three claims: (1) that the trial court erred in overruling his trial counsel's motion for judgment of acquittal as to the statutory rape charge, because there was insufficient evidence of penetration; (2) that his appellate counsel was ineffective for failing to raise on appeal a challenge to the admission of E.B.'s out-of-court statements to her counselor; and (3) that his trial counsel

---

[1] Unless otherwise specified, page numbers refer to the page numbering of the electronically filed document.

was ineffective in that his trial counsel elicited incriminating evidence from J.C. and E.B. during cross-examination.

## II. LEGAL STANDARDS

### A. Standard for Reviewing Claims on the Merits

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). "[I]n the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state

court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

### B. Procedural Default

To preserve a claim for federal habeas review, a state prisoner must present that claim to the state court and allow that court the opportunity to address the claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively

4

demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

III. **DISCUSSION**

### A. Ground One: Sufficiency of the Evidence to Support the Statutory Rape Conviction

In Ground One, Petitioner argues that the trial court erred in overruling his trial counsel's motion for judgment of acquittal as to the statutory rape count against him. He argues that he was charged with both statutory rape and child molestation in the first degree for rubbing his penis against J.C.'s vagina, but that a statutory rape charge requires proof of penetration. Petitioner's claim appears to be that there was insufficient evidence to convict him of statutory rape because there was insufficient evidence of penetration. Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals denied it on the merits. Resp't Ex. E.

In reviewing challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). *Accord Parker v. Matthews*, 567 U.S. 37, 43 (2012); *Cavazos v. Smith*, 565 U.S. 1, 7 (2011). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. State law determines the specific elements of the crime at issue. *Fenske v. Thalacker*, 60 F.3d 478, 480 (8th Cir. 1995). The federal habeas court's scope of review is very limited. The Court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state" and "must defer to that resolution." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003) (quotation marks omitted). Furthermore, "a state-court decision rejecting a sufficiency

challenge may not be overturned on federal habeas unless the decision was objectively unreasonable." *Parker*, 567 U.S. at 43 (quotation marks omitted).

In evaluating this claim, the Missouri Court of Appeals set forth the *Jackson* standard described above. Resp't Ex. E, at 4. It then stated:

> In Appellant's sole point on appeal, Appellant contends that the State's evidence was insufficient, specifically, the State's evidence did not establish beyond a reasonable doubt that Appellant penetrated J.C.'s vagina with his penis. We disagree.
> A person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than 14 years old. Section 566.032, RSMo 2000. Sexual intercourse is defined as penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results. Section 566.010(4) RSMo 2000. The female sexual organs include a woman's vulva and external genitals. *State v. Dunn*, 7 S.W.3d 427, 430 (Mo. App. W.D. 1999). Proof of penetration may be shown by direct or circumstantial evidence, and slight proof of penetration is sufficient. *Hill v. State*, 808 S.W.2d 882, 890 (Mo. Ct. App. 1991).
> Appellant asserts that placing the penis against the vagina is not enough to constitute penetration. Appellant cites *State v. DeMoss*, which states that, though penetration may be slight, there must be penetration to some extent, and proof that there was such penetration must be adduced. 92 S.W.2d 112, 113 (Mo. 1936). Generally, in sexual offense cases, the victim's testimony alone is sufficient to sustain a conviction, even if uncorroborated. *State v. Sprinkle*, 122 S.W.3d 652, 666 (Mo. App. W.D. 2003).
> Here, proof of penetration is clear. Appellant incorrectly characterizes J.C.'s statement that Appellant put his penis in her "private part" to mean in J.C.'s bottom. At trial, J.C. clearly distinguished her bottom from her "private part.":
>
> > Q: Okay. And when you're referring to your private part, you're referring to your vagina, is that right?
> >
> > A: Yes.
> >
> > Q: Okay. And where did he touch you with his penis?
> >
> > A: In both parts, my bottom and my private part.
>
> The fact that J.C. referred to her vagina as her "private part" was also corroborated by Megan (Fitzgerald) Marietta of the Children's Advocacy Center ("CAC") who testified on direct examination:

> Q: Okay. And what did [J.C.] refer to as—what did she refer to her vagina as? What were her words?
>
> A: She called that her private part.
>
> Also, J.C. said that Appellant put his penis "in" her private part. Appellant ignores the clear language in J.C.'s testimony which a trial court could find that Appellant touched J.C. with his penis inside her private part.
> While Appellant's argument focuses on whether rubbing against the labia is penetration, Appellant only cites to *De Moss*, which is clearly distinguishable. In *De Moss*, the alleged victim disclaimed at trial the rape having ever taken place (she had since married the alleged rapist), and the state was left to rely upon the testimony of the victim's sister, who would have been nine years old at the time of the rape. *De Moss*, 92 S.W.2d 720, 722. It was under these circumstances that the court held that proof of penetration did not measure up to the standard. *Id.* at 722. Whereas here, evidence of penetration is supported by the victim's own testimony.
> J.C.'s testimony was sufficient evidence for the trial court to reasonably find penetration and thus statutory rape in the first degree.

Resp't Ex. E, at 5-6.

The Missouri Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. The Missouri Court of Appeals correctly identified *Jackson v. Virginia* as the applicable legal precedent, and it reasonably applied that standard by examining whether the testimony presented at trial established the elements of the crime at issue as defined under Missouri law. The Court's review of the record shows that the Missouri Court of Appeals' determination of the facts is supported by the record. J.C. did testify that Petitioner touched her with his penis "in" her "private part" and that her "private part" was her vagina. Resp't Ex. A, at 226. Megan Marietta also testified that J.C. referred to her vagina as her "private part." *Id.* at 273. It was reasonable for the Missouri Court of Appeals to find that this was sufficient proof of penetration under Missouri law. Petitioner's suggestion that there was no proof of penetration because a nurse practitioner testified that the victims had no physical findings of abuse is without merit. The nurse practitioner also testified that the absence of physical findings did not rule out

7

abuse; that 90 to 95% of all of her examinations are normal, even when penetration with a penis is alleged; and that the reason is that this type of contact can occur without injury or can cause small injuries that heal very quickly. *Id.* at 346-47.

For all of the above reasons, the Missouri Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law, nor did it involve an unreasonable determination of the facts. Therefore, Ground One will be denied.

### B. Ground Two: Ineffective Assistance of Counsel—Appellate Counsel's Failure to Challenge on Appeal the Admission of E.B.'s Out-of-Court Statements

In Ground Two, Petitioner asserts that his counsel on direct appeal was ineffective because counsel failed to challenge the admission of out-of-court statements from one of the victims, E.B. Petitioner asserts that the statements E.B. made to her counselor, which were admitted at trial, were clearly not spontaneous or consistent with her earlier statements. Petitioner raised this claim in his amended motion for post-conviction relief and in his appeal from the denial of that motion, and the Missouri Court of Appeals denied it on the merits. Resp't Ex. I, at 6-10.

To establish a claim of ineffective assistance of appellate counsel, Petitioner "must show that counsel's performance was deficient, and prejudice from that deficiency." *United States v. Brown*, 528 F.3d 1030, 1032-33 (8th Cir. 2008). The standard for showing deficient performance is rigorous, and "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." *Id.* at 1033 (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Thus, "absent contrary evidence, '[the court] assume[s] that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy.'" *Id.* (quoting *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998)). *See also Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on

appeal.") (citing *Jones,* 463 U.S. 745). The standard for showing prejudice is also rigorous: Petitioner "must show that 'the result of the proceeding would have been different' had he raised [the issue] on direct appeal." *Brown,* 528 F.3d at 1033 (*citing Becht v. United States*, 403 F.3d 541, 546 (8th Cir. 2005)). *See also Pryor v. Norris*, 103 F.3d 710, 714 (8th Cir. 1997) (to demonstrate prejudice based on counsel's failure to raise a claim on appeal, petitioner must show a "reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different").

In addressing this claim, the Missouri Court of Appeals first noted that Missouri law provides an exception to the exclusionary hearsay rule and allows a witness to testify regarding the out-of-court statements of a child sexual abuse victim if the statements are shown to be sufficiently reliable. Resp't Ex. I, at 7 (citing Mo. Rev. Stat. § 491.075; *State v. Lane*, 415 S.W.3d 740, 748-49 (Mo. Ct. App. 2013); *State v. Hannon*, 398 S.W.3d 108, 116 (Mo. Ct. App. 2013)). It then discussed the factors Missouri courts use to determine whether a victim's out-of-court statements are sufficiently reliable to be admitted, which include (1) the spontaneity and consistent repetition of the statements; (2) the mental state of the child-declarant; (3) the lack of a motive to fabricate the statements; (4) the knowledge of subject matter unexpected of a child of similar age to the child-declarant; (5) the lapse of time between when the acts occurred and when the child reported the acts; and (6) the technique used by the interviewer. Resp't Ex. I, at 8 (citing *Hannon*, 398 S.W.3d at 116). The Missouri Court of Appeals found that E.B.'s statements were sufficiently reliable to be admitted, reasoning that whenever there are allegations of sexual abuse, a child must be interviewed, and her statements to a professional interviewer are not unreliable simply because the purpose of the interview is to discuss the sexual abuse; that the fact that a child first denies and later admits she was sexually abused is not unusual and does not by itself render the child's later

9

incriminating statements unreliable; that E.B.'s counselor testified at the hearing before the trial court that E.B. had symptoms associated with post-traumatic stress reaction and used toys and dolls to engage in "sexualized play"; that E.B. provided details to her counselor regarding Scruggs' sexual contact; and that there was no evidence presented that E.B. had gained her knowledge of those sexual acts from any source other than her own experiences. *Id.* at 8-9. The court concluded that because the trial court had not erred admitting E.B's out-of-court statements, "there is no reasonable probability that, had that issue been raised on direct appeal, the outcome of Scruggs' direct appeal would have been different." *Id.* at 10.

The Missouri Court of Appeals' decision was not contrary to or an unreasonable application of clearly established federal law, nor did it involve an unreasonable determination of the facts presented to the state court. Missouri law expressly provides for the admission of out-of-court statements of a sexual abuse victim where those statements are shown to be sufficiently reliable. *See* Mo. Rev. Stat. § 491.075. The Missouri Court of Appeals analyzed the facts presented to the trial court and found that E.B.'s statements were sufficiently reliable to be admissible under Missouri law, and that finding has support in the record. *See* Resp't Ex. A, Doc. 17-1, at 86 (testimony of former forensic interviewer for the Child Advocacy Center that 72 percent of children will initially deny that anything has happened to them but that most go on to disclose); *id.* at 119 (testimony of E.B.'s therapist that E.B. experienced symptoms often associated with post-traumatic stress reaction and used toys and dolls to engage in sexualized play); *id.* at 126-27 (testimony of E.B.'s therapist that E.B. provided the details of her allegations and that the therapist never gave her any details about what the therapist knew about the sexual abuse); *id.* at 132-33 (testimony of E.B.'s therapist regarding details of E.B.'s allegations). The Missouri Court of Appeals reasonably analyzed the facts here in light of this Missouri law and concluded that the

10

evidence was properly admitted, and this Court cannot second-guess that decision. *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) ("We do not second-guess the decision of a Missouri state court on Missouri law."); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions."). Because there was no error in the admission of E.B.'s out-of-court statements, the Missouri Court of Appeals' reasonably found that there was no reasonable probability that, had Petitioner's counsel raised this claim on direct appeal, the outcome of his direct appeal would have been different. Thus, the Missouri Court of Appeals reasonably denied this claim because Petitioner could not establish the prejudice prong of the ineffective assistance claim.

For all of the above reasons, Ground Two will be denied.

### C. Ground Three: Ineffective Assistance of Trial Counsel—Eliciting Incriminating Evidence from the Victims During Cross-Examination

In Ground Three, Petitioner asserts that in cross-examining the victims, his trial counsel unreasonably went into detail regarding the accusations against him, even when the prosecutor had not gone into those details.

Respondent argues that Ground Three is procedurally defaulted because Petitioner failed to present it to the Missouri state courts in accordance with Missouri's procedural rules. The Court agrees. "Missouri procedure requires that a claim be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). Under Missouri law, claims of ineffective assistance of trial or appellate counsel must be brought through a Rule 29.15 motion for post-conviction relief. Mo. Sup. Ct. Rule 29.15(a). An ineffective assistance of counsel claim is procedurally defaulted if a petitioner fails to raise it in the appeal from the denial of a motion for post-conviction relief. *See Moore-El v. Luebbers*, 446 F.3d 890, 897-98 (8th Cir. 2006) (Missouri

11

inmate's failure to raise a claim on appeal from the denial of state post-conviction relief constitutes a procedural default of that claim); *Osborne v. Puckett*, 411 F.3d 911, 919 (8th Cir. 2005) (same). Petitioner admits that he did not raise this issue in the appeal from the denial of his motion for post-conviction relief. Pet'n at 9. Thus, Ground Three is procedurally defaulted, and the Court cannot reach the merits of this claim unless Petitioner can show "either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Moore-El*, 446 F.3d at 896.

Petitioner has not shown cause to excuse the procedural default of Ground Three. Petitioner's sole explanation for his failure to present this claim in his appeal from the denial of his motion for post-conviction is that "appellate counsel determined that appealing this issue would not have been meritorious." Pet'n at 9. Even assuming, *arguendo*, that this statement could be construed as an assertion that Petitioner's post-conviction appeal counsel was ineffective for failing to raise this claim, it cannot constitute cause in this case. Although ineffective assistance of post-conviction counsel may constitute cause for the failure to raise a claim in an initial post-conviction proceeding, *Martinez v. Ryan*, 566 U.S. 1 (2012), ineffective assistance of post-conviction appellate counsel does not constitute cause to excuse a procedural default. *See Arnold*, 675 F.3d at 1087 ("*Martinez* offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause.").

Further, Petitioner cannot avoid the procedural bar under the fundamental miscarriage of justice exception. To satisfy the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quotation marks omitted).

Petitioner does not allege any facts to support the existence of new evidence affirmatively demonstrating his innocence.

For all of the above reasons, Ground Three will be denied.

## IV. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claim, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of September, 2018.